(113 App. Div. 395)

## BRUSTMANN v. MOTRIE et al.

(Supreme Court, Appellate Division, Third Department.   March 13, 1907.)

1. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—VALIDITY—CONTRACT BY LIFE TENANT.

Where a life tenant, his daughters being the remaindermen, contracted in writing to sell plaintiff land and to give him a deed from himself and daughters, but he and his daughters conveyed it to defendants, plaintiff could not compel defendants to convey to him ; there being no evidence that the life tenant was authorized by his daughters to execute the contract to cover their interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 100.]

2. SAME—EVIDENCE OF VALIDITY. .

Where a life tenant contracted to convey land including the interest of the remaindermen, his daughters, without authority to convey their interest, that the broker who negotiated the contract was paid his commissions in full by the owners did not authorize the inference that the contract was conceded to be valid.

3. SAME—WEIGHT OF EVIDENCE.

In an action to compel defendants to convey certain land to plaintiff, a finding that plaintiff's contract for the purchase of the land antedated a contract by the vendors to sell to defendants, *held* against the weight of evidence.

Appeal from Trial Term, Ulster County.

Action by Julius Brustmann against John Motrie and others.   From a judgment for plaintiff, defendants appeal.   Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John T. Cahill, for appellants.

Chris A. Murray (John D. Eckert, of counsel), for respondent.

SMITH, P. J.   Prior to May 22, 1905, the defendant John Motrie was the owner of a life estate in certain property in the city of Kingston.   His daughters Margaret Motrie and Helena Motrie were entitled to the remainder.   Between 11 and 12 o'clock upon the said 22d day of May, John Motrie entered into a written agreement with this plaintiff to sell to him the said property for the sum of $2,100, and to give to him a full covenant deed from himself and his two daughters. Upon the 23d day of May, John Motrie and his two daughters executed a warranty deed thereof to the defendants Stanislaw and Lena Kreglowski.   This deed was taken by the Kreglowskis with full knowledge of the contract between the plaintiff and John Motrie.   After tender of the contract price, this plaintiff brought an action against John Motrie and the Kreglowskis to compel the Kreglowskis to convey this property to the plaintiff.   The learned court has held that, through the sharp practice of the Kreglowskis in offering a higher price than was offered by Brustmann, John Motrie and his daughters were wrongfully induced to execute the deed upon the 23d, and has directed them to execute a conveyance of the property to the plaintiff.   There is evidence to the effect that upon the 20th day of May the plaintiff or

his wife had agreed upon the terms of the purchase both with John Motrie and with his daughters. No writing, however, was executed, and this informal agreement, clearly void under the statute of frauds, can in no way operate to give to the plaintiff any rights which he does not acquire under the written contract of John Motrie. The court has further found that the contract was executed by John Motrie not only with the authority, but with the approval, of his daughters. The contract does not purport to be the contract of the daughters, and as to them the plaintiff had nothing except the verbal understanding, which was later to be consummated by a written contract, which was never executed. But this finding of fact is wholly without support in the evidence. At the time that this contract was executed, the two daughters had already signed a contract to convey the property to the defendants Kreglowski. There is not one word of evidence of any authority given to John Motrie to execute for them a contract. The only evidence upon which it can be based is the evidence of the willingness of the daughters upon the 20th to afterwards execute a conveyance to the plaintiff for the sum afterwards inserted in the contract with John Motrie. That no contract was made by Brustmann with these daughters is sworn to explicitly by Brustmann himself.

Without any contract, then, from these daughters, if the property had not been conveyed to the Kreglowskis, Brustmann could not have compelled the daughters to convey to him their interest in the property. He certainly has no greater rights against their transferees, the Kreglowskis, and, were there no other facts affecting the rights of the parties, this judgment would have to be reversed, because it passes to this plaintiff the interests of these daughters which they never legally agreed to convey to him.

There are further facts, however, which furnish additional reason why the judgment cannot stand. Prior to the deed of Motrie and his two daughters to the Kreglowskis, they had contracted to execute the deed for a consideration of $2,250. The trial court has found that this contract was made after the contract between the plaintiff and John Motrie. Upon a careful review of the evidence, however, we are convinced that this finding is not sustained thereby. According to the evidence of the agent, Keator, and his mother, of the two daughters, and of the defendants Kreglowski, this contract was executed upon Monday morning, the 22d of May, between 8 and 9 o'clock. The evidence of John Motrie himself rather tends to the same inference, although it is so unreliable that it cannot be made the basis of any finding of fact. He was a hard drinker, and himself swears that after 9 o'clock he does not remember anything that happened upon that day. As against this positive testimony of six witnesses, some declarations are sworn to, both of John Motrie and of one of the daughters, which would seem to throw some suspicion upon the defendants' claim that their contract was executed upon the morning of the 22d. These declarations on the part of the daughter are explicitly denied. One Hamilton was the agent who negotiated the sale to the plaintiff. After this transaction, he was paid his commissions in full by the Motries. It is strongly insisted that the payment of these commissions is a concession of a consummated valid contract with Motrie. This inference

is not authorized, however, as the broker would clearly be entitled to the commissions upon furnishing a purchaser, whether or not a contract were afterwards consummated between them. There is no evidence which outweighs the positive testimony of the six witnesses as to the time of the signing of this contract. With the burden of proof upon the plaintiff to show that he had prior rights, we are convinced that the finding that the plaintiff's contract with Motrie antedated Kreglowski's contract with Motrie and his two daughters is against the weight of evidence. If it be true then that this deed upon the 23d was executed in pursuance of a written contract made prior to the plaintiff's contract, the defendants Kreglowski were clearly within their legal rights, and by their deed obtained nothing to which the plaintiff was entitled.

The judgment must therefore be reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event. All concur.